UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 06-294 |
| ALVIN THOMAS | * | SECTION "L" |

**ORDER**

The Court has received Defendant's Motion for Reconsideration (Rec. Doc. 424) of the Court's Order dated April 12, 2012 (Rec. Doc. 416) denying Defendant's Motion to Reduce Sentence (Rec. Doc. 414). The Court previously entered an Order (Rec. Doc. 420) dismissing as untimely Defendant's Notice of Appeal (Rec. Doc. 419) with respect to the same April 12, 2012 Order.

The Court denied Defendant's Motion to Reduce Sentence on the grounds that the Defendant received a 5K reduction at sentencing, which was based on the statutory mandatory minimum sentence of 240 months—rather than the applicable Guidelines range, which would have been below 240 months. Therefore, under *United States v. Carter*, 595 F.3d 575 (5th Cir. 2010), the Defendant was not eligible for a reduced sentence.

Defendant argues, however, that *Carter* was displaced by *Freeman v. United States*, 131 S. Ct. 2685 (2011). Specifically, Defendant suggests that, like the plea agreement in *Freeman*, his sentence was based on the applicable Guidelines range, and therefore, he argues that he is eligible for a reduced sentence. In support of this argument, Defendant cites this Court's Order (Rec. Doc. 403) denying his first Motion to Reduce Sentence (Rec. Doc. 394), which stated that he was "ineligible for a sentence reduction as the amended guidelines were used to determine the

drug quantity."

To be clear, the Court does not agree that *Carter* is no longer good law in light of *Freeman*, or that a single statement, made in an order entered approximately one year after Defendant's sentencing hearing, requires the Court to conclude that the Defendant's original sentence was based on the Guidelines range, rather than the statutory mandatory minimum sentence. Regardless, however, the Defendant is not eligible for relief. As stated in the Court's previous Order, Defendant received any possible benefit of the amendments to the crack cocaine sentencing guidelines at his original sentencing hearing. Specifically, after Amendment 706 lowered the base offense level for the quantity of cocaine for which Defendant was responsible—341.9 grams—from 34 to 32, the Defendant's Pre-Sentence Investigation Report was revised to reflect that change. A subsequent amendment made further adjustments to the crack cocaine quantity table, *but it did not change the base offense level for an offense involving 341.9 grams of cocaine*. In other words, if Defendant came before the Court for sentencing today, his base offense level would still be 32. *See* U.S.S.G. § 2D1.1(c)(4) (2012). As a result, Defendant is ineligible for a reduced sentence.

In summary, the legal basis for Defendant's motion is incorrect, because the Fifth Circuit has continued to adhere to *Carter* even after *Freeman*. *See, e.g.*, *United States v. Wicker*, 2012 WL 6715546, at *1 (5th Cir. Dec. 27, 2012); *United States v. Battle*, No. 12-50169, 2012 WL 6700443, at *2 (5th Cir. Dec. 26, 2012). But even if that were not true, the Defendant would be ineligible for a reduced sentence because his Guidelines range has not decreased since his sentencing hearing in 2008.

Accordingly, IT IS ORDERED that Defendant's Motion for Reconsideration (Rec. Doc.

424) is DENIED.

New Orleans, Louisiana, this 28th day of February, 2013.

                                                              _____
                                                              UNITED STATES DISTRICT JUDGE